United States District Court
Southern District of Texas
**ENTERED**
April 17, 2017
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL  NO. H-15-614 |
| | § | |
| | § | |
| | § | |
| FOLARIN H. ALABI, *et al* | § | |

### ORDER DENYING MOTION TO SEVER

The government alleges that Letrishia Andrews and Justice Daniel conspired to—and actually did—enter into a sham marriage in order to secure immigration benefits for Daniel, a native of Nigeria.  Andrews is also charged with theft of government money.  (Docket Entry No. 102).  Andrews, Daniel, and a third alleged coconspirator were indicted together and are set for trial together beginning April 18, 2017.  On April 13, 2017, Andrews and Daniel moved to sever their trials from one another.  (Docket Entry No. 157).  The motion was accompanied by affidavits stating that, if their trials were severed, Andrews and Daniel would testify on one another's behalf as to the origin and genuineness of their marriage.  The motion argues that Andrews will not testify for Daniel if their trials are not severed, because she has prior convictions that will not be admissible unless she takes the stand.  Andrews and Daniel claim that they will be unable to put on an effective defense if they cannot testify in support of one another about their marriage.  They move in the alternative for a bench trial.  The government filed a brief opposing the motion to sever.  (Docket Entry No. 162).  The government does not oppose a bench trial of all three alleged coconspirators together.

1

Based on the briefs, record, and applicable law, the motion to sever is denied.  Because the third codefendant has not consented to a bench trial, the motion for a bench trial is denied.  The reasons are explained below.

## I.     The Legal Standard

"Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder."  *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995) (citing *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976)).  Under Federal Rule of Criminal Procedure 8(b), joinder of defendants is appropriate if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "Defendants named in the same indictment should generally be tried together, particularly when they are allegedly members of a conspiracy."  *United States v. Booker*, 334 F.3d 406, 415 (5th Cir. 2003) (citing *United States v. Manges*, 110 F.3d 1162, 1174 (5th Cir. 1997)).  However, "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).  "A general description of complexity or antagonistic defenses is not sufficient to show the 'specific and compelling prejudice'" necessary for severance. *Booker*, 334 F.3d at 415.

A defendant seeking severance on the basis of exculpatory testimony by a codefendant must show: "(1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; [and] (4) that the co-defendant would in fact testify if severance were granted." *United States v. Villarreal*, 963 F.2d 725, 731 (5th Cir.1992).  "After such a showing, the court must consider: 1) the significance of the alleged exculpatory testimony in relation to the defendant's

theory of defense, 2) the extent to which the defendant might be prejudiced by the absence of the testimony, 3) judicial administration and economy, and 4) the timeliness of the motion." *United States v. Ramirez*, 954 F.2d 1035, 1037 (5th Cir. 1992) (citing *United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir. 1980), *cert. denied*, 449 U.S. 830 (1980)).

A joint trials of alleged coconspirators is heavily favored. *Richardson v. Marsh*, 481 U.S. 200, 210-11 (1987). "The remedy of severance is justified only if the prejudice flowing from a joint trial is clearly beyond the curative powers of a cautionary instruction." *United States v. Morrow*, 537 F.2d 120, 136 (5th Cir. 1976). "A jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

## II.     Analysis

Andrews and Daniel have not identified legally cognizable prejudice sufficient to overcome the strong presumption in favor of trying alleged coconspirators together.  Andrews and Daniel argue that, absent severance, they cannot testify on one another's behalf and that the loss of this testimony would cause "substantial and irreparable prejudice" because they will be "unable to present a critical defense witness to the jury."  But Andrews would not suffer any legal prejudice if her prior convictions were properly admitted under the rules of evidence.  The court would give a strong limiting instruction making clear to the jury that it could only consider the prior convictions for the limited purposes allowed under the rules, curing any possible prejudice as a matter of law. The court also notes that the government intends to put on evidence of Andrews's prior convictions to show intent, knowledge, or absence of mistake. (Docket Entry No. 141).  While the court has not yet ruled on the convictions' admissibility for that purpose, the possibility that the convictions would come in for that purpose—with the appropriate limiting instructions—undercuts Andrews's

3

contention that she cannot testify on Daniel's behalf absent severance for fear that the jury might learn of her checkered past.  There is a real possibility that the convictions will be put into evidence regardless of whether Andrews testifies.

Nor would Daniel be significantly prejudiced if the severance is denied and Andrews refuses to testify.  The defendants' affidavits make it clear that they would testify to substantially identical facts about the history of their relationship.  While Daniel would undoubtedly prefer that Andrews testified in his favor, her decision not to do so would not leave him without an effective defense. Daniel can testify on his own behalf.  He can also call other witnesses to provide additional facts or corroborating details about his relationship with Andrews.  Because Andrews's testimony would not be uniquely exculpatory, any prejudice to Daniel is insufficient to overcome the strong presumption in favor of trying him alongside his alleged coconspirator.

Because the defendants can each present an effective defense in a joint trial, the judiciary's interest in efficient adjudication of this conspiracy case strongly outweighs the effects of trying Andrews and Daniels together.  Severing the case would result in significant waste of judicial resources in supervising duplicative trials, cause significant inconvenience to witnesses, and raise the possibility of inconsistent verdicts.

The motion to sever, (Docket Entry No. 157), is denied.  Because the third alleged coconspirator has not consented to a bench trial, the motion for a bench trial is denied.  *See* Fed. R. Crim. P. 23.

SIGNED on April 17, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge