United States District Court
Southern District of Texas
**ENTERED**
April 25, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| VS. | § § § § § | CRIMINAL NO. H-15-614 |
| FOLARIN H. ALABI, *et al.*, | § | |

**JURY INSTRUCTIONS**

Members of the Jury:

You have now heard the evidence in the case. It is my duty to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions that apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific instructions on the law that applies in this case. I will then give you final instructions explaining the procedures for you to follow in your deliberations.

**GENERAL INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law

as I explain them to you. You have no right to disregard, or give special attention to, any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. It is also your duty to base your verdict solely on the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment, or formal charge, against a defendant is not evidence of guilt. Indeed, each defendant is presumed by the law to be innocent. Each defendant begins with a clean slate. The law does not require a defendant to prove his or her innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.

The prosecution has the burden of proving a defendant guilty beyond a reasonable doubt, and if the prosecution fails to do so, you must acquit that defendant. While the prosecution's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the prosecution's proof exclude any "reasonable doubt" about the defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including

stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case. What the lawyers say is not binding on you.

During the trial, I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Certain testimony or other evidence was ordered removed from the record and you were instructed to disregard this evidence. Do not consider any testimony or other evidence that was removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence.

Also, do not assume from anything I did or said during the trial that I have any opinion about any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own verdict.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence.

Do not be concerned about whether the evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him or her guilty.

I remind you that it is your job to decide whether the prosecution has proved the guilt of one or more of the defendants beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job as jurors will be making judgments about the testimony of the witnesses. You should decide whether you believe all, some part, or none of what each person had to say and how important that testimony was.

In making that decision, I suggest that you ask yourself a few questions. Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the prosecution or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict,

do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. When a defendant does not testify, you may not consider that fact for any purpose in your deliberations.

The testimony of a witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time, the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial. Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true. Rather, you may use earlier statements only to determine whether they are consistent or inconsistent with the witness's trial testimony and therefore whether they affect that witness's credibility. If you believe that a witness has been discredited in this manner, it is your exclusive right to give that witness's testimony whatever weight you think it deserves.

When a defendant has offered evidence of good general reputation for truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider that evidence along with all the other evidence in the case. Evidence of a defendant's character, inconsistent with those

traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

You have heard the testimony of Anisha Gable. You also heard testimony from others concerning their opinion about whether Anisha Gable is a truthful person. It is up to you to decide from what you heard here whether Anisha Gable was telling the truth in this trial. In deciding this, you should bear in mind the testimony concerning this witness's truthfulness, as well as all the other factors already mentioned.

You, the jury, must always examine and weigh the testimony of one who provides evidence against a defendant to obtain a potential benefit, including a potential personal advantage, with greater care and caution than the testimony of other witnesses. You must decide whether such a witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against one or more defendants, or by the benefit that the witness hopes or expects to receive. Such testimony must always be received with caution and weighed with great care. You may not convict any defendant on the unsupported testimony of such a witness, unless you believe that testimony beyond a reasonable doubt.

You will note that the indictment charges that some of the offenses were committed on or about a specified date. The prosecution does not have to prove that a crime was committed on the exact date, so long as the prosecution proves beyond a reasonable doubt that one or more defendants committed the crimes alleged in the indictment reasonably near the dates stated in the indictment.

If a defendant is found guilty, it is my duty to decide what the punishment will be. You may not be concerned with punishment in any way. It may not enter your consideration or discussion.

If you have taken notes, they should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely on your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

## SPECIFIC INSTRUCTIONS FOR THIS CASE

### Instructions that Apply to More Than One Count

There are three defendants in this case: Mr. Folarin Alabi, Ms. Letrishia Andrews-Daniel, and Mr. Justice Daniel. You are here to decide whether the prosecution has proved beyond a reasonable doubt that one or more of the defendants is guilty of the crimes charged. The defendants are not on trial for any act, conduct, or offense not alleged in the indictment. You are not called on to decide the guilt of any person not on trial as a defendant in this case, except as you are otherwise instructed.

Count 1 charges all three defendants. The remaining counts, Counts 2, 4, 5, 6, 7, and 8, charge individual defendants. You must consider each count and the evidence pertaining to it separately. The fact that you may find one defendant guilty or not guilty of any of the counts charged may not control your verdict as to the other counts charged as to the other defendants. The fact that you may find one defendant guilty or not guilty as to one of the counts may not control your verdict on the other counts against that defendant.

The prosecution called several witnesses who are alleged accomplices and co-conspirators. These witnesses are Charles Warren, who was named as a co-defendant in this indictment, and Shakietha Joseph and Anisha Nicole Gable, who were named in other indictments. The prosecution has entered into plea agreements with all three of these witnesses. These agreements provide for the

7

dismissal of some charges, no further prosecution of the conduct charged in the indictment, and the possibility that the prosecution might recommend a lower sentence than the witnesses might otherwise receive. This kind of plea bargaining, as it is called, has been approved as lawful and proper, and it is expressly provided for in the rules of this court.

If the prosecution files a motion in a pending federal criminal case stating that the defendant in that case has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court sentencing the defendant may reduce the sentence that would otherwise apply. The court decides whether and how much to reduce a sentence by evaluating the significance and usefulness of the defendant's assistance, taking into consideration the prosecution's evaluation of the assistance and the truthfulness, completeness, and reliability of any information or testimony the defendant provided, and the timeliness of the assistance.

A Federal Rule of Criminal Procedure provides that the prosecution may file a motion under the rule within one year of sentencing, asking the sentencing court to reduce the sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person. The prosecution may also make such a motion more than one year after sentencing if the defendant's substantial assistance involved information not known to the defendant until one year or more after sentencing; information the defendant provided the prosecution within one year of sentencing, that did not become useful to the prosecution until more than one year after sentencing, or information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the prosecution after its usefulness was reasonably apparent to the defendant.

A defendant who has entered into a plea agreement with the prosecution is not prohibited

from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant on the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

During the trial you heard the testimony of Marva Hebert, who expressed opinions concerning marriage fraud and the immigration process. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

The word "knowingly," as used throughout these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

To "evade a provision" of the law means to escape complying with the law by means of trickery or deceit.

<center>Instructions on Count 1</center>

You are asked in Count 1 to decide whether the prosecution has proved beyond a reasonable doubt that one or more of the defendants, Mr. Folarin Alabi, Ms. Letrishia Andrews-Daniel, and Mr.

Justice Daniel, is guilty of the offense of conspiracy to commit marriage fraud beginning on or about June 2013 to the present.

Federal law, specifically, Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States. A conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of partnership in crime in which each member becomes the agent of every other member.

For you to find one or more of the defendants guilty of this crime, you must be convinced that the prosecution has proved each of the following elements beyond a reasonable doubt as to that defendant:

> First: that the defendant under consideration and at least one other person made an agreement to commit the crime of marriage fraud, as charged in the indictment;
>
> Second: that the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and
>
> Third: that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.
>
> The overt acts alleged in the indictment are:
>
> - On or about June 2013, Mr. Alabi introduced Mr. Daniel, a Nigerian citizen, to Ms. Andrews-Daniel for the purpose of getting married so Mr. Daniel could obtain immigration benefits. Mr. Daniel agreed to pay a sum of money to Ms. Andrews-Daniel to engage in marriage fraud and enter a "sham" marriage for the purpose of deceiving immigration authorities and obtain lawful permanent resident status.
>
> - On or about June 14, 2013, Mr. Daniel and Ms. Andrews-Daniel applied for and obtained a marriage license in Harris County, Houston, Texas.
>
> - On or about June 14, 2013, Mr. Daniel and Ms. Andrews-Daniel were married in Harris County, Houston, Texas.

- On or about June 14, 2013, Mr. Daniel, Ms. Andrews-Daniel, Mr. Alabi, and Anisha Gable, went to the courthouse to witness the ceremony and take pictures to deceive immigration authorities.

- In the fall of 2013, Mr. Alabi, working with Anisha Gable, arranged the marriage between Trevor Frenney and Hauwa Bello, a Nigerian national, to deceive immigration authorities and obtain lawful permanent resident status.

- In or about the fall of 2013, Anisha Gable, working with Mr. Alabi, offers Trevor Frenney $4500 to marry Hauwa Bello so that she could obtain her lawful permanent resident card.

- In or about the fall of 2013, Hauwa Bello agrees to pay Trevor Frenney $4500 to marry her.

- On or about December 2, 2013, Trevor Frenney and Hauwa Bello applied for a marriage license in Harris County, Texas.

- On or about December 2, 2013, Trevor Frenney and Hauwa Bello were married in Harris County, Texas.

- On or about December 2, 2013, Hauwa Bello paid Mr. Alabi and Anisha Gable a sum of money for arranging the marriage to Trevor Frenney.

- On or about January 2, 2014, Trevor Frenney filed with the Citizenship and Immigration Service a Form I-130 Petition for Alien Relative for Hauwa Bello and a Form I-485 Application to Register Permanent Residence or Adjust Status with the Citizenship and Immigration Service.

- On or about October 2014, Ms. Andrews-Daniel introduced Charles Warren, a United States citizen she recruited, to Ifeoma Adamolekun, a Nigerian citizen, for the purpose of engaging in marriage fraud to deceive immigration authorities and obtain lawful permanent resident status.

- On or about November 2, 2014, Charles Warren and Ifeoma Adamolekun applied for and obtained a marriage license in Harris County, Houston, Texas.

- On or about November 2, 2014, Charles Warren and Ifeoma Adamolekun were married in Harris County, Houston, Texas.

- At the time of the marriage, record checks show that Ifeoma Adamolekun was still married to her Nigerian spouse, Adekunle Adamolekun, who filed for a visa to enter the United States on January 13, 2015.

- On or about February 13, 2015, Charles Warren filed with the Citizenship and Immigration Service a Form I-130 Petition for Alien Relative for Ifeoma Adamolekun and a Form I-485 Application to Register Permanent Residence or Adjust Status with the Citizenship and Immigration Service.

To determine whether the defendants knowingly and intentionally conspired with each other or with others to commit marriage fraud as charged in the indictment, you must consider the elements of the crime of marriage fraud. This is the crime alleged to be the object of the conspiracy. For Count 1, the prosecution does not have to prove beyond a reasonable doubt that any of the defendants actually committed the crime of marriage fraud. Instead, the prosecution's burden is to prove beyond a reasonable doubt that one or more of the defendants committed the crime of conspiracy to commit marriage fraud. I am instructing you on the elements of marriage fraud in Count 1 only to assist you in determining whether the prosecution has proved beyond a reasonable doubt each of the elements of conspiracy to commit that crime.

The elements of marriage fraud in violation of Title 18, United States Code section 1325(c) with respect to Count 1 are:

First: that a noncitizen knowingly married a United States citizen; and

Second: that the marriage was knowingly entered into for the purpose of having the noncitizen evade a provision of the immigration laws of the United States.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If the defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The prosecution need not prove that the alleged conspirators entered into any formal

agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the prosecution need not prove that all of the details of the scheme alleged in the indictment were actually agreed on or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

### Instructions on Count 2

Count 2 of the indictment asks you to decide whether the prosecution has proved beyond a reasonable doubt that Mr. Folarin Alabi is guilty of the offense of aiding and abetting marriage fraud. The prosecution alleges that, on or about June 14, 2013, Mr. Alabi knowingly caused Ms. Letrishia Andrews-Daniel, a United States citizen, to marry Mr. Justice Daniel, a noncitizen, for the purpose of having him evade a provision of the immigration law of the United States.

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

Under Title 18, United States Code, Section 2, if another person is acting under the direction

of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of those other persons just as though the defendant had committed the acts or engaged in such conduct. Before a defendant may be held criminally responsible for the acts of others, it is necessary that the defendant deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime, unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find Mr. Alabi guilty on the basis of aiding and abetting unless you find beyond a reasonable doubt that some person or persons committed every element of the offense of marriage fraud, as defined in these instructions, and that Mr. Alabi voluntarily participated in their commission with the intent to violate the law.

For you to find Mr. Alabi guilty of Count 2, you must be convinced that the prosecution has proved each of the following beyond a reasonable doubt:

First: that the offense of marriage fraud was committed on or about June 14, 2013;

Second: that Mr. Alabi associated with the criminal venture;

Third: that Mr. Alabi purposefully participated in the criminal venture; and

Fourth: that Mr. Alabi sought by his action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the

14

principal's criminal venture. "To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture.

The offense that the prosecution alleges that Mr. Alabi aided and abetted was marriage fraud. In order to convict him of aiding and abetting marriage fraud, you must find beyond a reasonable doubt that some person or persons committed the offense of marriage fraud. The elements of marriage fraud, as I have already instructed you, are:

First: that a noncitizen knowingly married a United States citizen; and

Second: that the marriage was knowingly entered into for the purpose of having the noncitizen evade a provision of the immigration laws of the United States.

### Instructions on Count 4

Count 4 of the indictment asks you to decide whether the prosecution has proved beyond a reasonable doubt that Ms. Letrishia Andrews-Daniel is guilty of the offense of aiding and abetting marriage fraud. The prosecution alleges that, on or about June 14, 2013, Ms. Andrews-Daniel married Mr. Justice Daniel for the purpose of having him evade a provision of the immigration laws of the United States.

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

Under Title 18, United States Code, Section 2, if another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of those other persons

just as though the defendant had committed the acts or engaged in such conduct. Before a defendant may be held criminally responsible for the acts of others, it is necessary that the defendant deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime, unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find Ms. Andrews-Daniel guilty on the basis of aiding and abetting unless you find beyond a reasonable doubt that some person or persons committed every element of the offense of marriage fraud, as defined in these instructions, and that Ms. Andrews-Daniel voluntarily participated in their commission with the intent to violate the law.

For you to find Ms. Andrews-Daniel guilty of Count 4, you must be convinced that the prosecution has proved each of the following beyond a reasonable doubt:

First: that the offense of marriage fraud was committed on or about June 14, 2013;

Second: that Ms. Andrews-Daniel associated with the criminal venture;

Third: that Ms. Andrews-Daniel purposefully participated in the criminal venture; and

Fourth: that Ms. Andrews-Daniel sought by her action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture. "To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture.

The offense that the prosecution alleges that Ms. Andrews-Daniel aided and abetted was marriage fraud. In order to convict her of aiding and abetting marriage fraud, you must find beyond a reasonable doubt that some person or persons committed the offense of marriage fraud. The elements of marriage fraud, as I have already instructed you, are:

First: that a noncitizen knowingly married a United States citizen; and

Second: that the marriage was knowingly entered into for the purpose of having the noncitizen evade a provision of the immigration laws of the United States.

### Instructions on Count 5

Count 5 asks you to decide whether the prosecution has proved beyond a reasonable doubt that Mr. Justice Daniel is guilty of the offense of marriage fraud. The prosecution alleges that, on or about June 14, 2013, Mr. Daniel, a noncitizen, married Ms. Letrishia Andrews-Daniel, a citizen, for the purpose of evading a provision of the immigration laws of the United States. Title 8, United States Code, Section 1325(c) makes it a crime for anyone to knowingly enter into marriage for the purpose of evading immigration laws. For you to find Mr. Daniel guilty of the crime, you must be convinced that the prosecution has proven each of these things beyond a reasonable doubt:

First: that, on or about June 14, 2013, Mr. Daniel, a non-citizen, knowingly married a United States citizen, Ms. Letrishia Andrews-Daniel; and

Second: that Mr. Daniel knowingly entered into the marriage for the purpose of evading a provision of the immigration laws of the United States.

### Instructions on Count 6

Count 6 of the indictment asks you to decide whether the prosecution has proved beyond a reasonable doubt that Ms. Letrishia Andrews-Daniel is guilty of theft of government money. The prosecution alleges that, on or about March 1, 2014 and continuing through and including on or

about September 30, 2014, Ms. Andrews-Daniel failed to disclose her household composition and household income in order to gain more than $1,000 in food stamp benefits, to which she knew she was not entitled.

Title 18, United States Code, Section 641, makes it a crime for anyone to embezzle or steal money or things of value belonging to the United States having an aggregate value of more than $1,000.

For you to find Ms. Andrews-Daniel guilty of this crime, you must be convinced that the prosecution has proved each of the following beyond a reasonable doubt:

> First: that the money or thing of value described in the indictment belonged to the United States government and had a value in excess of $1,000 at the time alleged;
>
> Second: that, on or about March 1, 2014 and continuing through and including on or about September 30, 2014, Ms. Andrews-Daniel embezzled or stole the money or thing of value to her own use; and
>
> Third: that Ms. Andrews-Daniel did so knowing the money or thing was not hers and with intent to deprive the owner of the use of the money or thing of value.

The word "value" means the face value of the money or thing of value that you may find Ms. Andrews-Daniel has embezzled or stolen. It is not necessary to prove that Ms. Andrews-Daniel knew that the United States government owned the money or thing of value at the time of the wrongful taking.

<div align="center">Instructions on Counts 7 and 8</div>

Counts 7 and 8 ask you to determine whether the prosecution has proved beyond a reasonable doubt that Ms. Letrishia Andrews-Daniel committed the offense of making false statements. The prosecution alleges that Ms. Andrews-Daniel made false statements by failing to disclose her household composition and income in her application for Supplemental Nutrition Assistance

Program benefits, which would have affected her eligibility for the benefits. Count 7 charges that Ms. Andrews-Daniel made such statements on or about August 26, 2013. Count 8 charges that Ms. Andrews-Daniel made such statements on or about February 13, 2014.

Title 18, United States Code, Section 1001, makes it a crime for anyone to knowingly and willfully make a false statement in any matter within the jurisdiction of the executive branch of the government of the United States.

For you to find Ms. Andrews-Daniel guilty of this crime, you must be convinced that the prosecution has proved each of the following beyond a reasonable doubt:

First: that Ms. Andrews-Daniel made any false writing in a document to the United States Department of Agriculture, regarding a matter within its jurisdiction;

Second: that Ms. Andrews-Daniel made the writing intentionally, knowing the document contained a false statement;

Third: that the false statement was material; and

Fourth: that Ms. Andrews-Daniel made the false writing for the purpose of misleading the United States Department of Agriculture.

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, a decision of the United States Department of Agriculture. It is not necessary to show that the United States Department of Agriculture was in fact misled.

<div align="center">Final Instructions on Deliberation</div>

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial

consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the prosecution has proved any of the defendants guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience. The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict form. The foreperson will retain possession of the verdict form until the court asks for it.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

SIGNED on April 24, 2017, at Houston, Texas.

Lee H. Rosenthal
Lee H. Rosenthal
Chief United States District Judge